## Nomination of Associate Judges

MARGIOTTI, Attorney General, July 16, 1937.—We have your request to be advised whether associate judges (judges not learned in the law) are within the exception to the provisions of the anti-party raiding sections of the Pennsylvania Election Code of June 3, 1937 (Act no. 320).

Section 910 of the code requires each candidate for the office of United States senator or representative in Congress, or for any State, county, city, borough, incorporated town, township, ward, school district, poor district, election district, party office, party delegate, or alternate, except judge of a court of record, to include in the affidavit filed with his nomination petition a statement that he is not a candidate for nomination for the same office of any party other than the one designated in such petition.

Section 1004 provides, inter alia, as follows:

"That in no event, shall the name of any person consenting to be a candidate for nomination for any one office, except the office of judge of a court of record, be printed as a candidate for such office upon the official primary ballot of more than one party."

Your inquiry is thus directed to ascertain whether an associate judge is a judge of a court of record.

In the case of Carter's Estate, 254 Pa. 518 (1916), the following definitions of the terms "judge" and "court" appear:

"By 'court' is to be understood a tribunal officially assembled under authority of law at the appropriate time and place for the administration of justice. By 'judge' is to be understood simply an officer or member of such tribunal."

It is clear that an associate judge not learned in the law is a member in the various county courts which are courts of record, and this alone should be sufficient to place him in the classification of a judge of a court of record.

Furthermore, these officials are, without exception, referred to as "judges" in the constitutional and statutory provisions which apply to them. The mere fact that the term "associate" is coupled with the designation of "judge" when applied to them would not be controlling, for this term "associate" is also used with reference to judges learned in the law who are certainly judges of courts of record.

It should be noted that in various constitutional and statutory provisions relative to judges, specific reference is made to judges learned in the law and judges not learned in the law: Article V, sec. 5, of the Constitution; section 1 of the Act of May 5, 1915, P. L. 258; section 4 of the Act of May 16, 1929, P. L. 1780. Unless both these classes were deemed to be judges of the county courts such distinction would be unnecessary. In other words, it would be unnecessary to refer to judges learned in the law unless there was an additional class of judges, and

the only possible additional class would be judges not learned in the law.

In the Pennsylvania Election Code itself, the legislature again gives support to this interpretation in section 913, which provides for filing fees for nomination petitions and imposes a fee of $35 if the petition is filed for the office of judge of a court of record, excepting "associate judge".

In view of the foregoing reasons, we are of the opinion, and you are so advised, that an associate judge not learned in the law is a judge of a court of record, and that a candidate for such office may properly file nomination petitions, and seek nomination as the candidate of more than one political party.

From Frederic Ray, Harrisburg.